CHIEF JUSTICE GRAY,
specially concurring.
¶8 I concur in the Court’s opinion. I write separately to add my views on subissues the Court, perhaps understandably at this juncture, does not address.
¶9 The Court mentions that the OSPD-via the appellate defender’s office-filed Dyer’s petition for writ of habeas corpus. The Court does not mention that the same office also filed Dyer’s motion requesting that we order the OSPD to assign an attorney to assist in Dyer’s habeas proceedings. The Court also fails to note that the OSPD determined Dyer was financially eligible for public defender services prior to requesting counsel on his behalf.
¶10 I see nothing in the Public Defender Act, or other Montana statutes, that authorizes the OSPD to pre-screen a potential client for financial eligibility for its services or, having done so, to represent the potential client via a motion requesting counsel prior to such time as the OSPD has been assigned to represent the petitioner. Thus, while the Legislature did provide for the discretionary assignment of counsel to a habeas petitioner, it is my view that the actions taken by the OSPD here-in screening and representing Dyer prior to being assigned to do so-were not within the Legislature’s contemplation. I would encourage the OSPD to seek legislation to achieve the goal sought here.